# 22-1812

## United States Court of Appeals
### for the
### Second Circuit

——— ◆ ———

BUZZFEED, INC.,

*Plaintiff-Appellant,*

-v.-

UNITED STATES DEPARTMENT OF JUSTICE,

*Defendant-Appellee.*

ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF NEW YORK (NEW YORK CITY)

## APPELLANT'S BRIEF

Matthew Topic
LOEVY & LOEVY
311 N. Aberdeen St., 3rd Floor
Chicago, IL 60607
(312) 243-5900
matt@loevy.com

*Attorneys for Plaintiff-Appellant*

## CORPORATE DISCLOSURE STATEMENT

Plaintiff-Appellant is BuzzFeed, Inc.  BuzzFeed, Inc. is a privately owned corporation and a media organization.  Ten percent or more of BuzzFeed's stock is owned by NBCUniversal Media LLC, a wholly owned subsidiary of Comcast Corporation, which is publicly traded.

## <u>TABLE OF CONTENTS</u>

CORPORATE DISCLOSURE STATEMENT ......................................... i

TABLE OF CONTENTS ............................................................ ii

TABLE OF AUTHORITIES .......................................................... iii

I.  JURISDICTIONAL STATEMENT ..................................... 1

II.  ISSUES PRESENTED ...................................................... 1

III.  STATEMENT OF THE CASE ............................................ 1

IV.  SUMMARY OF THE ARGUMENT ................................... 2

V.  ARGUMENT .................................................................. 2

    A. Standard of review ................................................... 2

    B. The *Perlman* factors ............................................... 3

    C. The degree of wrongdoing found by the Inspector General is serious ................................................................. 3

    D. The misconduct was job-related and the identity of the offending Justice Department official would shed sufficient light on agency activities ......................................... 6

    E. Releasing the name of a high-ranking official found by the Inspector General to have engaged in repeated acts of sexual harassment is warranted ........................................... 7

VI.  CONCLUSION ............................................................... 9

    CERTIFICATE OF COMPLIANCE WITH TYPE-VOLUME LIMIT, TYPEFACE REQUIREMENTS, AND TYPE-STYLE REQUIREMENTS ......................................................... 10

    CERTIFICATE OF SERVICE ......................................... 11

# TABLE OF AUTHORITIES

*Page*

*Cases*

*Am. C.L. Union v. Nat'l Sec. Agency*, 925 F.3d 576 (2d Cir. 2019)..........................2

*BuzzFeed Inc. v. U.S. Dep't of Justice*, No. 21-cv-7533, 2022 WL 2223124 (S.D.N.Y. June 20, 2022)....................................................................................1, 3, 6

*Cochran v. United States*, 770 F.2d 949 (11th Cir. 1985) ........................................7

*Long v. Ofc. of Pers. Mgmt.*, 692 F.3d 185 (2d Cir. 2012)........................................8

*Perlman v. U.S. Department of Justice*, 312 F.3d 100 (2d Cir. 2002) ..................3, 6

*Prison Legal News v. Samuels*, 787 F.3d 1142 (D.C. Cir. 2015) .............................7

*Stern v. FBI*, 737 F.2d 84 (D.C. Cir. 1984) .......................................................6, 7, 8

*Statutes*

5 U.S.C. § 552(b)(7)(C) ..........................................................................................2, 8

*Other Authorities*

Lee J. Lofthus,  U.S. Dept of Justice, Memo. for Heads of Dep't Components Re: Sexual Harassment and Sexual Misconduct (April 30, 2018) ...........................5

Rod J. Rosenstein, U.S. Dept of Justice, Memo. for Heads of Dep't Components Re: Sexual Harassment and Sexual Misconduct (April 30, 2018) ...........................5

## I.     JURISDICTIONAL STATEMENT

This case was brought under the Freedom of Information Act, 5 U.S.C. § 552(a)(6)(C)(i), and presents a federal question conferring jurisdiction on the District Court.  Venue was proper under 5 U.S.C. § 552(a)(4)(B).

This Court has jurisdiction to review this appeal pursuant to 28 U.S.C. § 1291.  This appeal is taken from a final judgment entered by a District Court within the Southern District of New York on June 21, 2022.  Plaintiff filed a timely notice of appeal on August 18, 2022.

## II.     ISSUES PRESENTED

1.     Under the *Perlman* factors, is sexual harassment sufficiently serious, and is the name of the offending Justice Department official sufficiently related to government activity, to support disclosure under the Freedom of Information Act?

2.     Even if not, is the privacy invasion warranted under Exemption 7(C) given the high rank of the offending official and the strength of the evidence of wrongdoing?

## III.     STATEMENT OF THE CASE

After discovering a redacted DOJ Inspector General Report finding sexual harassment by a Justice Department Executive Officer, BuzzFeed requested release of the offending official's name under FOIA and filed this suit in response to DOJ's denial.  *BuzzFeed Inc. v. U.S. Dep't of Justice*, No. 21-cv-7533, 2022 WL 2223124,

1

at **1-2 (S.D.N.Y. June 20, 2022) (Koeltl, J.). The District Court granted summary judgment to the government under FOIA Exemption 7(C). *Id.* at *8; 5 U.S.C. § 552(b)(7)(C) (exempting from disclosure information that "could reasonably be expected to constitute an unwarranted invasion of personal privacy.").

## IV. SUMMARY OF THE ARGUMENT

Applying this Court's *Perlman* factors, the District Court held that the invasion of privacy to a Justice Department Executive Officer who engaged in repeated acts of workplace sexual harassment and other misconduct outweighs the public's interest in knowing who he is. The Court should reverse because contrary to the District Court's ruling, the misconduct was serious and the identity of the offending official sheds sufficient light on the activities of government. Even if the Court disagrees, however, the privacy invasion is not unwarranted based on the high rank of the official and the strength of the evidence of misconduct.

## V. ARGUMENT

### A. Standard of review.

This Court reviews a District Court's summary judgment decision in a FOIA case *de novo*. *E.g. Am. C.L. Union v. Nat'l Sec. Agency*, 925 F.3d 576, 588 (2d Cir. 2019).

2

## B.    The *Perlman* factors.

FOIA establishes a "default rule in favor of Government disclosure," and is intended to "permit access to official information long shielded unnecessarily from public view." *Id.* (citation and quotation omitted).

This Court held in *Perlman v. U.S. Department of Justice* that "[i]n balancing a government employee's privacy interests against the public's interest in disclosure, a court should consider several factors, including: (1) the government employee's rank; (2) the degree of wrongdoing and strength of evidence against the employee; (3) whether there are other ways to obtain the information; (4) whether the information sought sheds light on a government activity; and (5) whether the information sought is related to job function or is of a personal nature."   312 F.3d 100, 107 (2d Cir. 2002), cert. granted, judgment vacated sub nom. *Perlman v. U.S. Dep't of Just.*, 541 U.S. 970 (2004).  "The factors are not all inclusive, and no one factor is dispositive."  *Id.*

## C.    The degree of wrongdoing found by the Inspector General is serious.

The District Court, citing DOJ's FOIA officer, held that the wrongdoing "did not rise to the level of more serious misconduct."  *BuzzFeed*, 2022 WL 2223124, at *5.   That characterization of sexual harassment generally, and the specific harassment here, was wrong and should be reversed.  This Court should hold that

sexual harassment in violation of agency policies is serious wrongdoing under the *Perlman* factors.

The Inspector General's Report describes the misconduct in detail. On three separate occasions, the offending official made comments about a female employee's appearance, including the way "her body shape looked in the outfit she was wearing" and that "I really like women with long hair . . . I'm a long hair type of guy." JA-019, JA-024-25. The Inspector General also found that the offending official kissed another subordinate on the lips in the workplace without her consent, made inappropriate comments about her appearance, and explicitly referred to her gender when discussing whether she was capable of serving in a vacant position. JA-031-033. Not surprisingly, the Inspector General found that this violated DOJ policies against unwelcome conduct based on sex that "explicitly or implicitly affects an individual's employment; unreasonably interferes with an individual's work performance; or creates an intimidating, hostile, or offensive work environment." JA-022, JA-024-025, JA-033.

In addition to these acts of sexual harassment, the Inspector General found that the offending official engaged in conduct that "created the appearance of potential violations of federal regulations regarding use of official time, acceptance of gifts from employees, and use of public office for private gain" when he "permitted" an employee to get his personal car washed for him during a lunch hour,

and also "exhibited poor judgment when, on six occasions, he asked a subordinate to drive him somewhere on purely personal business." JA-025-031.

Rather than face the consequences of his sexual harassment and other misconduct, the offending official retired. JA-015.

BuzzFeed is confident that the Court will find it self-evident that sexual harassment is sufficiently serious to weigh in favor of disclosure of the identity of the offending official. If the Court feels that more is necessary, however, it need only look to the Justice Department's own sexual harassment policies. Under those policies, sexual harassment is so serious as to be subject to "zero tolerance." JA-022 . That is because "substantiated incidents of sexual harassment are of serious gravity and have a significant negative impact on the Department's ability to execute its mission." Lee J. Lofthus, U.S. Dept of Justice, Memo. for Heads of Dep't Components Re: Sexual Harassment and Sexual Misconduct (April 30, 2018), at 3, https://www.justice.gov/jmd/page/file/1059401/download. Thus, the Deputy Attorney General has instructed all Justice Department component heads, in response to an earlier Inspector General report about sexual harassment, that it is an "important responsibility" of DOJ to "be a leader in maintaining a model workplace." Rod J. Rosenstein, U.S. Dept of Justice, Memo. for Heads of Dep't Components Re: Sexual Harassment and Sexual Misconduct (April 30, 2018), at 1, https://www.justice.gov/jmd/page/file/1059401/download. This is consistent with

what is surely clear to any responsible employer in 2022: workplace sexual harassment is very serious because of both the harm it causes to victims and the impact it has on the workplace.

Because the degree of misconduct was serious, the District Court erred by not weighing this factor in favor of disclosure.

### D. The misconduct was job-related and the identity of the offending Justice Department official would shed sufficient light on agency activities.

The District Court also erred under the fourth and fifth factors. The fourth factor looks to whether "the information sought sheds light on what the government is doing." *Perlman*, 312 F.3d at 108. The District Court acknowledged that the relevant public interest under this factor is "holding the governors accountable to the governed." *BuzzFeed*, 2022 WL 2223124, at *6 (quoting *Stern v. FBI*, 737 F.2d 84, 91 (D.C. Cir. 1984)). But it weighed this factor against disclosure because it found the name of the offending official did not "reflect on broader government activity." *Id.* The District Court relied on the same analysis to weigh the fifth factor (whether the information is related to a job function) against disclosure even after acknowledging that sexual harassment is "work related" and "related to [a] superior's job function." *Id.* at *7 (citation and quotation omitted).

This Court has not yet addressed the public interest in names of government wrongdoers where the details of the wrongdoing and of any government

investigation have been released. In *Stern*, however, the D.C. Circuit acknowledged that there is public interest "in knowing ***who*** the public servants are that were involved in the governmental wrongdoing" separate from the public interest in understanding how the agency handled its investigation and any discipline. 737 F.2d at 92 (emphasis in original); *see also Prison Legal News v. Samuels*, 787 F.3d 1142, 1151 (D.C. Cir. 2015) ("Identifying employees who repeatedly engage in tortious or discriminatory conduct will shed light on an agency's performance of its statutory duties." (quotation and citation omitted)). The Eleventh Circuit has similarly held that redaction of the name of a high-ranking official who engaged in serious misconduct was "inappropriate" because that information "is crucial to the public's interest in holding such officials accountable to the public and deterring others from similar behavior." *Cochran v. United States*, 770 F.2d 949, 956 n.9 (11th Cir. 1985).

This Court should hold the same. The District Court should have weighed the fourth and fifth factors in favor of disclosure, and certainly not against it.

### E.     Releasing the name of a high-ranking official found by the Inspector General to have engaged in repeated acts of sexual harassment is warranted.

Because sexual harassment is serious job-related misconduct and the name of the offending official sheds sufficient light on government activity, all of the *Perlman* factors support disclosure and the name of the official should be released.

7

Even if the Court were to hold that sexual harassment is not sufficiently serious misconduct or that the name of the offending official sheds too little light on the activities of government, however, which it should not, this is not a case of government officials cleared of wrongdoing or guilty only of minor infractions unrelated to their job duties.  Thus, at most, those factors are neutral, with the remaining factors all supporting disclosure.  That too is sufficient to reverse the District Court and order the name released.

Ultimately, no factor is dispositive, and the question under Exemption 7(C) is whether the privacy invasion is "unwarranted."  5 U.S.C. § 552(b)(7)(C); *see also Long v. Ofc. of Pers. Mgmt.*, 692 F.3d 185, 190 (2d Cir. 2012) ("FOIA exemptions are construed narrowly, and a court is to resolve all doubts in favor of disclosure."). In *Stern*, the D.C. Circuit allowed (and only as a "close call") the withholding of names of lower-level employees who "were culpable only for inadvertence and negligence" and ordered release of the name of an FBI Special Agent in Charge who "participated knowingly" in "an effort to withhold information" from a GAO audit. 737 F.2d at 92-94.  The offending official here is much more like the latter than the former: he is a high-ranking official who knowingly engaged in sexual harassment on repeated occasions that clearly violated Justice Department policies and, according to those policies, put his office's mission at risk.  Therefore, any privacy invasion resulting from that official's own knowing misconduct is warranted.

## VI.    CONCLUSION

For these reasons, the Court should reverse the District Court and remand with instructions to order the release of the information and to permit a petition for prevailing party attorney fees and costs under FOIA.

Dated:  November 18, 2022

Respectfully Submitted,

*/s/ Matthew V. Topic*
Matthew Topic
LOEVY & LOEVY
311 N. Aberdeen St., 3rd Floor
Chicago, IL 60607
(312) 243-5900
matt@loevy.com

*Counsel of Record for Appellant*

<u>**CERTIFICATE OF COMPLIANCE**</u>
<u>**WITH TYPE-VOLUME LIMIT, TYPEFACE REQUIREMENTS, AND**</u>
<u>**TYPE-STYLE REQUIREMENTS**</u>

This brief complies with the type-volume limitation of Fed. R. App. P. 32 (a)(7)(B) because, excluding the parts of the document exempted by Fed. R. App. P. 32(f), this brief contains 1,822 words.

This brief complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6) because this brief has been prepared in a proportionally spaced typeface using Microsoft Word 2013 in Times New Roman 14-point font.

*/s/ Matthew Topic*
Matthew Topic

*Counsel for Appellant BuzzFeed, Inc.*

Dated: November 18, 2022

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that I electronically filed the foregoing Brief of Appellant BuzzFeed Inc., with the Clerk of the Court for the United States Court of Appeals for the Second Circuit by using the appellate CM/ECF system on November 18, 2022.

All counsel of record in this case are registered CM/ECF users and will be served by the appellate CM/ECF system.

<div style="margin-left:40%">

*/s/ Matthew Topic*
Matthew Topic

*Counsel for Appellant BuzzFeed, Inc.*

Dated:  November 18, 2022

</div>